IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GILBERTO MALDONADO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CV-F-07-1536 OWW (No. CR-F-02-5408 OWW)  MEMORANDUM DECISION AND ORDER DENYING PETITIONER GILBERTO MALDONADO'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |
| Petitioner, | | |
| vs. | | |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

On October 22, 2007, Petitioner Gilberto Maldonado filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was found guilty following jury trial of conspiracy to aid and abet the manufacture of methamphetamine and to possess pseudoephedrine knowing or having reasonable cause to believe it would be used to manufacture methamphetamine; attempted possession of pseudoephedrine with the intent to

manufacture methamphetamine and aiding and abetting; use of a communications facility to facilitate a drug trafficking crime, and criminal forfeiture.  Petitioner was sentenced on June 15, 2005 to a total term of 210 months.  Petitioner appealed to the Ninth Circuit.  On July 15, 2005, a Recommendation for Drug Program was filed, at the request of Maldonado's counsel, wherein it was recommended that Maldonado "participate in the Bureau of Prisons 500-Hour Drug Abuse Program, if it is deemed he is a proper candidate within the Bureau of Prisons Guidelines."  On August 18, 2006, Petitioner's conviction was affirmed by the Ninth Circuit.  Petitioner did not challenge his sentence on any ground on appeal.  *See United States v. Sepulveda*, 2006 WL 2085392 (9th Cir.2006).

    A.   <u>Ineffective Assistance of Counsel</u>.

Petitioner asserts that he was denied the effective assistance of counsel at sentencing because his counsel failed to argue that Petitioner qualified for a downward departure based on the more onerous conditions imposed on aliens in federal prison and failed to "properly argue" that Petitioner was entitled to a mitigating role adjustment pursuant to USSG § 3B1.2 "as either: 1) a Minimal Participant for a 4 level departure; 2) a Minor Participant for a 2 level departure; or 3) where on the facts submitted, cases falling in between are to be decreased by 3 Levels."

A petitioner who fails to raise non-constitutional sentencing errors on appeal waives his right to challenge the

errors in a Section 2255 motion.  *United States v. Schlesinger*, 49 F.3d 483 (9th Cir.1994).  A petitioner may raise such alleged sentencing errors in a Section 2255 motion if he can show both cause for their failure to make the objection earlier and prejudice from that failure.  *United States v. McMullen,* 98 F.3d 1155, 1157 (9th Cir.1996), *cert. denied,* 520 U.S. 1269 (1997).  Establishing the elements of an ineffective assistance of counsel claim normally will meet this cause and prejudice test.  *Id.*  The elements established by the Supreme Court for prevailing on an ineffective assistance of counsel claim are: (1) the petitioner "must show that counsel's representation fell below an objective standard of reasonableness"; and (2) the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

     Petitioner's contention that he was denied the effective assistance of counsel because of counsel's failure to argue that Petitioner's role in the offense was minor is without merit.  Counsel specifically argued at sentencing that Petitioner's role in the offense was minor and that he was entitled to a two-level reduction in the offense level for his role.  (CT, June 13, 2005 pp.5-6, 8).  Counsel's request for a downward departure based on his minor role in the offense was rejected by the Court.  The facts proved at trial showed that Petitioner was an active participant in the conspiracy to purchase pseudoephedrine to

3

manufacture methamphetamine and that Petitioner provided money to facilitate the purchase of pseudoephedrine. Petitioner presents nothing to support his contention that a "proper" argument by counsel would have resulted in the Court reducing Petitioner's sentence based on his role in the offense. Counsel's argument cannot overcome the evidence.

Petitioner argues that counsel was ineffective because he failed to argue for a downward departure based on Petitioner's status as a deportable alien. Petitioner has not demonstrated ineffective assistance of counsel because Petitioner cannot demonstrate a reasonable probability that the result would have been different if counsel had so argued, i.e., that the Court would have reduced Petitioner's sentence because his status as an alien made him ineligible for certain BOP programs.

A District Court had discretion to depart downward due to deportable alien status only after determining that this factor "takes the case outside of the 'heartland.'" *United States v. Charry Cubillos*, 91 F.3d 1342, 1344 (9th Cir.1996), quoting *Koon v. United States*, 518 U.S. 81 (1996).[1] Nothing in the record of

---

[1] In *United States v. Mohamed*, 459 U.S. 979, 987 (9th Cir.2006), the Ninth Circuit explained:

> ... [W]e elect to review a district court's application of the advisory sentencing guidelines only insofar as they do not involve departures. To the extent that a district court has framed its analysis in terms of a downward or upward departure, we will treat such so-called departures as an exercise of post-*Booker* discretion to sentence a defendant outside of the applicable guideline range. In

this action compels a conclusion that the fact of Petitioner's alien status takes the case outside of the heartland of typical cases involving the sentencing of convicted drug offenders and the Court would not have granted a request for a downward departure on this basis.  Defendant was a knowing participant in a conspiracy to manufacture methamphetamine and to possess pseudoephedrine knowing it would be used to manufacture methamphetamine.  Although Petitioner's criminal history did not

> order words, any post-*Booker* decision to sentence outside of the applicable guidelines range is subject to a unitary review for reasonableness, no matter how the district court styles its sentencing decision.
>
> We do not mean to suggest, however, that the pre-*Booker* system of departures should be ignored. That system reflects the Sentencing Commission's judgment about what types of considerations should or should not take a case out of the 'heartland of typical cases' such that an extra-guideline sentence would be justified. *Koon v. United States*, 518 U.S. 81, 94 ... (1996). If a district court's reasons for exercising its post-*Booker* discretion coincide with the factors allowed or encouraged under the *pre*-Booker system of departures, such overlap may suggest that the sentencing decision was reasonable ... Our holding today does not preclude consultation of the system of departures that existed under the mandatory regime, either by the district court or by this court. Rather, out of a recognition that the concept of formal departures is anachronistic, we hold that any deviation from the applicable advisory guideline range will be viewed as an exercise of the district court's post-*Booker* discretion and reviewed only for reasonableness.

*Mohamed* thus underscores that the holding in *Charry Cubillos* remains good authority following *Booker.*

involve prior drug offenses, his criminal history category was II and Petitioner had three prior drug-related arrests. Consequently, counsel's failure to request a downward departure in the calculation of Petitioner's sentence because of his status as an alien was not ineffective assistance of counsel.

B.  **VIOLATION OF RIGHT TO SPEEDY TRIAL**.

Petitioner asserts that his constitutional right to a speedy trial was violated.  Petitioner asserts that he was arraigned on December 20, 2002, but his trial did not start until June 2, 2004.  Petitioner contends:

> To the best of my knowledge and belief; during this 18 month time frame, the District Court failed to make the proper findings regarding the ends of justice requirement for the delay pursuant to Title 18 U.S.C. Section 3161(h)(8).

Petitioner cites *Zedner v. United States*, 547 U.S. 489 (2006).  In *Zedner*, the Supreme Court ruled that a defendant may not prospectively waive the Speedy Trial Act "for all time" without compliance by the District Court with requirements of Section 3161(h)(8).

Petitioner's motion is without merit.  *Zedner* does not apply because there was no blanket waiver by Petitioner of the Speedy Trial Act.  There was no request for and exclusion of time under the Speedy Trial Act pursuant to Section 3161(h)(8).  Rather, the docket establishes that specific exclusions of time under the Speedy Trial Act were made by Judge Coyle on lawful grounds for excluding time throughout the pretrial proceedings prior to the

6

1  transfer of the action to Judge Wanger for jury trial.
2  Petitioner makes no contention or showing that any of the
3  exclusions of time made by Judge Coyle were improperly made under
4  the Speedy Trial Act or that the Speedy Trial Act was otherwise
5  violated.  To the contrary Petitioner makes no reference to the
6  record, rather he only makes a conclusory assertion on
7  information and belief.

8      C.    **INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL**.

9  Petitioner contends that he was denied the effective
10 assistance of appellate counsel because of appellate counsel's
11 failure to assert on appeal that Petitioner's sentence should
12 have been reduced because of his minor role in the offense and
13 his status as an alien, and that the Speedy Trial Act was
14 violated because of the failure to comply with the requirements
15 of Section 3161(h)(8).  Because Petitioner has not demonstrated
16 that he is entitled to relief on any of these grounds, his claim
17 of ineffective assistance of appellate counsel fails.

18 For the reasons stated:

19 1.  Petitioner's motion to vacate, set aside or correct
20 sentence pursuant to 28 U.S.C. § 2255 is DENIED;

21 2.  The Clerk of the Court is directed to enter Judgment for
22 Respondent.

23 IT IS SO ORDERED.

24 **Dated:   May 21, 2008**                    /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE
25
26