IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GILBERTO MALDONADO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CV-F-07-1536 OWW (No. CR-F-02-5408 OWW0 ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF DENIAL OF SECTION 2255 MOTION, ORDERING PETITIONER'S ATTORNEYS TO TURN OVER LEGAL MATERIALS, AND REQUESTING STAY OF ALL RULINGS UNTIL PETITIONER RECEIVES LEGAL MATERIALS (Doc. 380) |
| Petitioner, | | |
| vs. | | |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

By Memorandum Decision and Order filed on May 22, 2008, Petitioner Gilberto Maldonado's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 was denied. Judgment for Respondent was entered on May 22, 2008.

Petitioner moves for reconsideration, for an order directing his trial counsel to provide him with all legal materials, and to stay all proceedings until Petitioner receives his legal materials. Petitioner contends that he is entitled to

1

reconsideration because his defense counsel, Steven D. Bauer, and appellate counsel, John Ward, never provided him with copies of his files, despite repeated requests.  Attached to Petitioner's motion for reconsideration are copies of letters to and from Petitioner, Mr. Ward and Mr. Bauer.

Petitioner was represented in the District Court by Steven Bauer and Jeffrey Rosenblum.  Petitioner was represented on appeal by John Ward.  Attached to Petitioner's motion for reconsideration is a letter to Petitioner from Mr. Ward dated January 18, 2007, wherein Mr. Ward states:

> I have sent you all the materials that I have concerning your case.  The items you seek are most likely in the hands of your trial lawyer, and I suggest you have your writ-writer address his request to the trial lawyer.

Also attached in a letter from Petitioner to Mr. Ward dated February 6, 2007, advising that the deadline for filing a Section 2255 motion is one year and requesting that he be provided with the following documents:

> a) Indictment;
> b) Warrant and Affidavit;
> c) Discovery, motions and orders;
> d) Pre-trial motions and orders;
> e) Suppression motions and orders;
> f) Voir dire;
> g) Jury instructions;
> h) Trial transcripts;
> i) Sentencing transcripts;
> j) Opening/closing arguments;
> k) Specile [sic] jury verdict forms;
> l) Jury pool pacement [sic]/selections;
> m) Verdict;
> n) Objections to PSI;
> o) Pre sentencing motions;
> p) Witness list-trial/sentencing;

```
            q) Judgment [sic] and commitment order;
            r) Notice of appeal;
            s) Government's brief and appellant response
               brief;
            t) Unteroffice [sic] files and notes ....
```

Petitioner submits a copy of a letter from Petitioner to Mr. Bauer dated February 21, 2007, advising Mr. Bauer of a recent letter from Mr. Ward contending "he holds no paperwork of any kind and that it is probably in 'the hands of your trial lawyer.'" Petitioner requests Mr. Bauer provide copies of the following:

```
            a.  Indictment/superseding indictments;
            b.  Arrest warrant and supporting affidavits;
            c.  Motion for conflict of interest by USA on
                all dates;
            d.  Hearing transcripts of that matter on
                2/18-03;
            e.  Memorandums [sic], motions and orders
                relating to all pretrial proceedings;
            f.  All discovery, motions, and orders;
            g.  Orders relating to the conflict of
                interest matters;
            h.  Transcripts of the minutes of hearing on
                6-09-03;
            i.  Plea agreements with any co-defendants
                and sentence imposed in those cases;
            j.  All 404(b) and 609 matters, motions,
                orders, etc.;
            k.  Voir dire and jury instruction
                transcripts;
            l.  Trial briefs by USA;
            m.  Plea agreements entered;
            n.  Jury selection and listing (to determine
                if any racial or improper jury matters);
            o.  Trial exhibits and witness lists;
            p.  Trial transcripts from June 2 to August
                6, 2004;
            q.  In camera minutes;
            r.  Supplemental jury instructions and
                closing arguments;
            s.  Jury notes and minutes of hearings on
                those questions;
            t.  USA preliminary order as to forfeiture
                and Order;
```

      u.  Notice and motion of PSI of 10/19/04, answers and Orders;
      v.  Presentence hearing transcripts and matters;
      w.  Sentencing transcripts;
      x.  Judgment and comitment [sic] Order;
      y.  Notice of Appeal;
      z.  Appellant response brief, and Appellant answer;
      A1. Appellate decision;
      A2. Final Order on forfeiture;
      A3. Interoffice files regarding my case;
      A4. Any other documents, records, files, and property relating to my case.

> These documents are important to prepare my meaningful § 2255 motion. I request your prompt attention in these matters so I can make mt [sic] motion timely, because I can't remember all details to guess at issues that might exist.

By letter dated February 26, 2007, copied to Mr. Rosenblum, Mr. Bauer wrote to Petitioner:

> There seems to be some confusion about who is supposed to do what. I had a number of telephone conversations with Mr. Ward around the time of your sentencing. There was also an exchange of e-mails at about the same time. All of these communications were related to his obtaining your file from Jeff [Rosenblum] so he could pursue your appeal. Although your file has always been available to Mr. Ward he has never picked it up. Without that file it is unlikely that he has been unable to complete your direct appeal. Until your direct appeal is complete a 2255 petition would be untimely.
>
> I will make Jeff [Rosenblum] aware of this request as he is in possession of your files, which I believe contains all of the documents you have requested. It still appears to me that your file would be better off in the hands of your appellate attorney but if you instruct us to do so we will ship the file to you. You are correct that it is your file and we will do was you instruct, so please let me know where you want it sent.

By letter sent certified mail on March 16, 2007, Petitioner wrote to Mr. Bauer:

> Thank you for your prompt letter recently.  I do agree that it is difficult to determine how a complete appeal could be made without obtaining the file from your office, but the appeal has been done and denied.  Therefore, sending anything to Mr. Ward is not practicable.  Thus, nothing need be sent to the appellate attorney.
>
> Because the appeal is complete, I would request you forward the complete file to me at the above heading.

By letter dated June 15, 2007, Petitioner wrote to Mr. Ward:

> Mr. Ward this communication is to request some information from you and if possible get some documents that may be in your possession.  The questions that I have are the following: What was the criminal history level, what level offense did I start and what adjustment was given to me (if any).  Also, if you have copies of my trial transcripts and all records pertaining to my case in order to prepare to submit my § 2255.  I am aware that some time has elapse since the denial of my direct appeal, therefore I hope that you could help me out with this [sic] questions and request of documents.

Mr. Ward responded by letter dated July 4, 2007: "I do not have the information you seek, but I believe you may obtain it from your trial counsel."

Petitioner asserts that "to this date, Mr. Bauer have [sic] not mailed the petitioner any of his legal material."  Petitioner contends:

> [T]he petitioner do [sic] not understand the laws or have any money to obtain an attorney to help him with his legal problems.  The petitioner let a jailhouse lawyer prepare his § 2255 motion which the jailhouse lawyer

>             never had any of the petitioner's transcripts
>             or records pertaining to the petitioner [sic]
>             case which the jailhouse lawyer argued the
>             same issues that the Court had already denied
>             at the petitioner's sentencing hearing.

Petitioner filed his Section 2255 motion on October 17, 2007 (pursuant to the "mailbox rule"), just ten days shy of the expiration of the one-year limitation period. Petitioner did not assert in his Section 2255 motion that he did not have access to his files or that he had been unable to obtain them from counsel and did not request any delay or stay in the resolution of the Section 2255 motion because he did not have access to his files. Mr. Bauer's letter dated February 26, 2007 advised Petitioner that his files were in the possession of Mr. Rosenblum and that Mr. Bauer would forward Petitioner's request to Mr. Rosenblum. Petitioner presents nothing from which it may be inferred that Petitioner ever attempted to contact Mr. Rosenblum to obtain the files.

The one year limitation period may be extended by equitable tolling, but only where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir.2005). A Petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Determining whether equitable tolling is appropriate is a "highly fact-dependent inquiry", *Whalem/Hunt v.*

*Early*, 233 F.3d 1146, 1148 (9th Cir.2000), and the movant "bears the burden of showing that equitable tolling is appropriate." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir.2005).

Petitioner's motion is DENIED.  Petitioner did not assert that the absence of his files precluded him from raising claims in support of his Section 2255 motion until after the motion was denied.  Petitioner presents no evidence and makes no contention that he contacted or attempted to contact Mr. Rosenblum after being advised by Mr. Bauer that the files were in Mr. Rosenblum's possession.  The absence of this evidence establishes that Petitioner did not pursue his rights diligently and that some extraordinary circumstance stood in his way that prevented him from including all claims in the Section 2255 motion.

IT IS SO ORDERED.

Dated:   June 17, 2008                          /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE